SHORTESS, Judge.
Alan V. Andries (plaintiff) was injured when a Delco battery exploded in his face and blinded him in the left eye. He brought suit against General Motors Corporation, manufacturer of the battery. A jury returned a verdict in defendant’s favor, and plaintiff has appealed to this court.
The jury made its findings using a special interrogatory form, as follows:
1. Was the Delco battery in normal use at the time of the accident?
Yes V No_
2. Was the Delco battery unreasonably dangerous in normal use at the time of its manufacture?
Yes_ No /
3. Did the defendant General Motors give an adequate warning of any unreasonable danger from a foreseeable use of the product?
Yes V No_
4. Was the damage to plaintiff, if any, actually caused by the Delco battery?
Yes / No_
5. Did plaintiff assume the risk of injury suffered?
Yes_ No /
Plaintiff’s complaint on appeal is that the jury’s finding that an adequate warning was given was contrary to law and the evidence presented at trial; that the trial court erred in failing to properly instruct the jury of defendant’s duty to warn of the battery’s dangerous propensities; that the court erred in refusing to give plaintiff’s requested instructions on duty to warn and by striking the word “clear” from special interrogatory No. 3.
Most of the relevant evidence is undisputed. A stipulation of fact was entered at the beginning of trial, wherein the parties agreed that a 1977 Chevrolet Malibu Classic automobile had been purchased new by Mickey J. Marcello from a General Motors dealer in Louisiana, which contained as original equipment a Delco battery manufactured by defendant; that this battery was designated as a Y-86-P battery, which was the type battery in the vehicle at the time of the accident.
On June 7,1978, around 9:00 p. m., plaintiff, his wife and child were enjoying an automobile ride when they came upon a disabled vehicle at the intersection of Tara Boulevard and Goodwood Boulevard; that Bessie Marcello, who had been driving the disabled car, had left it and was standing across the street with a small child; that plaintiff asked her if she needed help; that he obtained her ignition keys and approached the vehicle; that when he attempted to start the car he noticed that neither the buzzer nor the dome light worked; that he pulled the hood latch, went around to the front of the car, and was met by Jimmy Carlino, Mrs. Marcello’s cousin; that the two men looked under the hood; that it was nighttime and visibility was poor but plaintiff did find the battery and actually removed one or two of the battery *481 caps; that plaintiff asked if anyone had a flashlight and even went to his car in an attempt to find one, but was unable to do so; that he took a cigarette lighter out of his pocket, lit it, and an explosion occurred; and that this explosion caused serious damage to his face and eyes.
One of the disputed facts in this scenario is where plaintiff was standing at the time of the explosion, i.e., was he leaning over the hood before he lit the lighter, or did the explosion occur while he was standing erect and in front of the vehicle itself.
Jimmy Carlino testified that he was just to the plaintiff’s right before the explosion; and that the plaintiff leaned over the battery just before it exploded. Plaintiff testified that he took the lighter out of his pocket, struck the lighter, leaned over toward the car, put the lighter down into the compartment, and the explosion occurred which knocked him back.
The trial judge gave the following instruction relative to adequate warning:
A manufacturer of a product must give an adequate warning of any danger inherent in any product made by him or in its use which he knows or should know, and which the user of the product would not ordinarily discover. The warning should be such that if followed, it would make the product safe for users. To comply with this duty, the manufacturer must appropriately label the product, giving due consideration to the likelihood of accident and the seriousness of the consequences from failure to label it to warn of any dangers that are inherent in it and its use or that may arise from improper handling or use of the product. However, the duty of a manufacturer to warn goes only to those dangers which are not obvious. A manufacturer is not compelled to warn knowledgeable purchasers of the dangers of which they know or should be aware.
The interrogatory submitted to the jury on the adequate warning issue stated:
Did the defendant General Motors give an adequate warning of any unreasonable danger from a foreseeable use of the product?
The jury answered the interrogatory by a vote of 9 to 3, in favor of defendant. In connection therewith, a facsimile of the warning was introduced in evidence, and a copy thereof is shown below:

The jury also had the testimony of Mickey J. Marcello, owner of the Chevrolet in question and, by coincidence, a battery salesman by occupation. He testified that there was a warning label on the top of the battery at the time of the accident, but he could not pinpoint its exact location.
Bessie Marcello testified that she had car trouble two to four weeks prior to the accident; that in the course of getting jumped off, she was told there was a warning label on the battery so she got out of the car and noticed the label.
Unfortunately, the exact location of the warning label on the battery could not be definitely established. The morning after the explosion, a mechanic brought a new battery for the car, took the old one, and it was never seen again.
Defendant conceded that a battery is a dangerous instrument; that it is an electrochemical device which produces current through chemical reactions; that a natural and unavoidable result of these chemical processes is the generation of explosive concentrations of hydrogen and oxygen gases; that batteries are vented through flame-arrestor devices into harmless non-explosive mixtures, but, notwithstanding these procedures, defendant has known for some time that users sometimes introduce flames or sparks into very close proximity to these escaping gases which can cause explosions; that this knowledge prompted defendant to place notices on all its wet-cell batteries.
Was an adequate warning given? Our brethren in the Third Circuit in Hudgens v. Interstate Battery Systems, Etc., *482 393 So.2d 940 (La.App.1981), in a very similar ease, found that a warning printed on a battery cap was adequate. The text of the warning in Hudgens is almost identical to the text of the warning here. We feel that the warning here was adequate to warn the public of the danger involved in using sparks or flames around the battery.
Another issue is whether or not the warning was displayed adequately, so that a reasonable man, unaware of the danger, could see and understand the warning before striking a match or flame. The jury decided this issue of fact adverse to plaintiff. In doing so, the record indicates that it could have considered these facts: Prior to striking his lighter, plaintiff had found the battery and battery caps, and had actually removed one or two caps. Jimmy Car-lino testified that plaintiff leaned over the battery and lit his lighter. This was the second time plaintiff was over the battery, and this is when the explosion occurred. It was reasonable for the jury to conclude that plaintiff had to have been working over the battery and could have seen the warning, as he had found the caps and manufacturer’s name notwithstanding the poor illumination.
Plaintiff cites Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978), as his basic authority. However, Chappuis dealt with the danger known to the manufacturer which could not be justifiably expected to be within the knowledge of users generally. The Supreme Court found that it was incumbent upon defendant to take reasonable steps to warn the user because the manufacturer knew that if the hammer chipped, it became unsafe, since it would likely chip again. Since the manufacturer knew of the hammer’s dangerous propensities, the court said that it had to specifically warn the public to discontinue using the hammer if it became chipped.
Here, users of automobiles know that under an automobile’s hood are moving parts, spark plugs, fuel lines, oil, gases, fumes, etc. However, assuming that the danger of an exploding battery, by the introduction of a spark or flame near it is not that sort of knowledge expected to be generally known by users, was the trial court’s instruction and the jury’s finding correct as to the law and evidence? We cannot say that the jury’s finding or the trial court’s instructions herein were erroneous.
We feel that a jury could have found that an adequate warning was given under the facts of this case. The trial court properly instructed the jury as to defendant’s duty to warn, and it did not err in striking the word “clear” from the special interrogatory on adequacy of warning.
Plaintiff also complains that the trial judge erred in failing to give additional instructions on the adequacy of warning issue when the jury requested further instruction from the court.
All sides conceded that the difficult issue was the adequacy of warning. The colloquy between the court and the foreperson of the jury in the presence of lawyers, during deliberations, does not indicate that the trial court abused its discretion in failing to give additional instructions. The trial judge reminded the foreperson that he had instructed them fully as to the law, and that both sides had presented their arguments accordingly. He suggested that the jury return for further deliberations but if they had additional problems, to let him know again. Additional problems were apparently not encountered because, within a reasonable time thereafter, the jury returned; and nine jurors were able at that time to answer the interrogatory which disposed of the remaining factual issue before it.
The decision of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.