573 So.2d 1288 (1991)
James D. BRANTLEY, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, et al., Defendants-Appellees.
No. 21860-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
Writ Denied March 28, 1991.
*1289 Hudson, Potts & Bernstein by Jesse D. McDonald, Gold Law Firm by Edward E. Rundell, for plaintiffs-appellants.
McLeod, Swearingen, Verlander, Dollar by David E. Verlander, III, Robert P. McLeod, for defendants-appellees.
Before BAILES, FOOTE and SCOTT, JJ. Pro Tem.
SCOTT, Judge Pro Tem.
Plaintiff and defendants appeal the judgment and ruling of the trial court following a jury verdict in this personal injury action. The jury returned a verdict finding defendants General Motors (G.M.) and Kelsey-Hayes at fault in the accident in which plaintiff was injured and assigned 75% fault to the plaintiff. The jury verdict included an award of $55,000 for special damages.
Plaintiff assigns as error the 75% fault assessed against him by the jury. Defendants assign as error the actions of the trial judge in granting a judgment notwithstanding the verdict wherein the trial judge increased the special damages which had been awarded by the jury and granted general damages, which had been denied by the jury.

STATEMENT OF THE CASE
Plaintiff brought this action to recover special and general damages resulting from bodily injuries he sustained when a tire exploded. Plaintiff was working at a service station attempting to mount the tire on a rim (wheel). It is not disputed that the plaintiff was injured on June 18, 1983 while attempting to mount a 16-inch tire on a 16.5-inch wheel.
The wheel in question was manufactured by Kelsey-Hayes Corporation for G.M. and designed pursuant to G.M. specifications for use on General Motors vehicles. The wheel involved in this accident had been taken by plaintiff from a ¾ ton Chevrolet truck belonging to Rowe, Inc. The tire which exploded had been manufactured by Universal Cooperatives, Inc. and purchased from plaintiff by William Rowe, Jr., the operator of the truck. The jury found no fault on the part of William Rowe, Jr. or *1290 Universal Cooperative and no assignment of error is raised as to those defendants.
At the time of the accident and for several years prior thereto, plaintiff had been employed full time in the offshore oil drilling business. He customarily worked on rotating shifts of 14 days offshore and 14 days at home. While at home he assisted his son, James Lee Brantley, in the operation of an automobile service station at Marion, Louisiana. Plaintiff's duties at the service station customarily consisted of pumping gasoline, dispensing oil, selling automobile supplies and tires, and mounting tires. He had no special training in the mounting of tires. His knowledge was acquired through observation and experience while working at the station since its purchase. Plaintiff contends that the wheel was defectively designed and lacked proper size warnings, which contention was denied by defendants.
When the tire exploded it struck the right side of plaintiff's body, propelling him approximately eight feet backwards where he landed flat on his back. A physician who happened to be on the premises of the service station rendered first-aid to plaintiff. Plaintiff was then transported to St. Francis Medical Center in Monroe where he was attended by Dr. Myron Bailey, an orthopedic surgeon who treated plaintiff's injuries to his right arm, wrist, forearm, elbow and shoulder. Dr. Bailey immediately performed an open reduction of fractures to the radius and ulna bones of the right forearm with fixation of a steel plate with screws into the bone. Additionally, plaintiff sustained a crushing of the proximal bone of the right thumb and a severed tendon. In February, 1984, the thumb required additional surgery at which time there was the insertion of a Silastin implant.
Initially, the plaintiff was hospitalized for a period of four days, then released to his home. He remained under the care and treatment of Dr. Bailey for a period of 15 months. Although plaintiff received no medical treatment between September 17, 1984 and November 16, 1986, he testified and the evidence supports that he was daily in pain due to his injuries. He returned to work in the oil field during this time and was assigned lighter duty work through a promotion, resulting in his work being supervisory in nature. In November, 1986, plaintiff was treated by Dr. Bailey for pain in his shoulder and finally in February, 1987, a surgical intervention was made on the right shoulder for a fracture of the acromion.

ASSIGNMENTS OF ERROR
Plaintiff in this appeal argues that the trial court fell into error in not reducing the jury's finding of 75% fault on plaintiff. Plaintiff contends the finding of fault on his part should not exceed 25%.
Defendants' specification of errors are:
1. The trial court erred in granting judgment n.o.v. and by doing so substituted its own judgment for that of the $55,000 jury verdict;
2. Alternatively, if this court finds judgment n.o.v. was proper, the trial court erred in its award for special damages by exceeding the lowest amount within the discretion of the jury;
3. Defendants acknowledged to the trial court, and do so in brief to this court that judgment n.o.v. was proper as to the jury award of no general damages but that the trial court exceeded the permissible extent of change in the award; and
4. The trial judge abused his discretion in conditionally granting a new trial limited to damages only in the event judgment n.o.v. on the damage awards are reversed on appeal.

DISCUSSION
The jury, according to the answers to the special verdict form, made the following findings of negligence or fault, to-wit:
a. No fault or negligence on the part of William Rowe, Jr. or Universal Cooperatives, Inc.;
b. Finding of fault or negligence on defendants, Kelsey-Hayes Corporation and General Motors Corporation, and *1291 the plaintiff, fixing the percentage of fault, as follows:
James D. Brantley, plaintiff, 75%
Kelsey-Hayes Corporation, defendant, 15%;
General Motors Corporation, defendant, 10%;
and made the following awards:
a. Special damages (past lost income, loss of future earning capacity, past and future medical expenses): $55,000.00;
b. General Damages (past and future physical pain and suffering; past and future mental anguish and distress): $-0-.
Judgment was signed in favor of plaintiff awarding a money judgment of $5,500 against General Motors Corporation; and $7,750 against Kelsey-Hayes Corporation, with legal interest from date of judicial demand until paid, and also judgment in favor of William Rowe, Jr., and Rowe, Inc. (owner of the truck), dismissing all claims against them.
Plaintiff moved for a judgment notwithstanding the verdict (non obstante veredicto). The trial court granted the motion, reasoning that on considering all the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the defendants, reasonable persons could not arrive at a contrary decision, citing Zeagler v. Dillard Department Stores, Inc., 521 So.2d 766 (La. 2nd Cir., 1988) and Blum v. N.O.P.S. Inc., 469 So.2d 1117 (La. 4th Cir.1985).
The trial court was of the opinion the allocation of fault was correct. Special and general damages in the following amounts were awarded by the trial judge in his judgment notwithstanding the verdict:

PAST MEDICAL EXPENSES $ 43,583.05
LOST EARNINGS $155,767.00
FUTURE MEDICAL EXPENSES $ 10,000.00
LOSS OF FUTURE EARNINGS $637,665.00
GENERAL DAMAGES $200,000.00

Court costs were allocated on the same basis as fault. Further, the trial court granted plaintiff's alternative motion for new trial limited to the issue of damages in the event the judgment notwithstanding the verdict is reversed on appeal.
The thrust of the plaintiff's appeal is that the jury verdict is manifestly wrong in allocating 75% fault to him under the law of comparative negligence.
If the jury's assessment of percentage of fault is clearly wrong, it may be corrected upon review. Watson v. St. Farm Fire & Casualty Co., 469 So.2d 967 (La.1985). The criteria set forth in Watson (and recently repeated in Dobson v. Louisiana Power and Light Company, 567 So.2d 569 (La.1990) by which relative fault of the parties is to be evaluated are:
1. Whether the conduct of each party resulted from inadvertence or involved an awareness of the danger.
2. How great a risk was created by the conduct.
3. The significance of what was sought by the conduct.
4. The capacity of each actor, whether superior or inferior.
5. Any extenuating circumstances.
The trial judge in his instructions to the jury in this case adequately covered these criteria for the jury to apply to the facts as they found them to decide relative fault of the parties. For the reasons set out hereinbelow we agree with the finding of fault as assessed by the jury and the trial judge.
The evidence is clear that plaintiff was negligent in not following commonly accepted and understood procedures in his manner of work in mounting the tire. While it might appear to be a simple procedure or process to mount a tire with a tire mounting machine, the process is full of danger. The principal causation was obviously plaintiff's attempt to mount a 16-inch tire on a 16.5 inch rim. Had plaintiff known where to look on the rim for its size he would have been aware that the tire and rim were mismatched. Had he been familiar with the applicable literature of tire *1292 manufactures he would have been aware of the risk involved.
Of course, even though a product contains no defect per se, a manufacturer must give warning of any danger inherent in the product's normal use which is not within the knowledge of an ordinary user. Jones v. P.K. Smith Chevrolet-Olds, Inc., 444 So.2d 1372 (La.App. 2d Cir.1984); Hebert v. Brazzel, 403 So.2d 1242 (La.1981). Plaintiff testified that he knew it was dangerous to mount a 16 inch tire on a 16.5 inch wheel, but that he would not have placed that tire on the rim involved if he had been aware of or seen labeling indicating that the rim was a 16.5 inch wheel.
Defendants Kelsey-Hayes and General Motors had a legal duty to mark this rim in a manner that one attempting to match a tire and rim were given reasonable notice of the rim size. In Andries v. General Motors Corp., Delco Batteries Division, 444 So.2d 1180 (La.1983), the Supreme Court addressed the duty to warn:
Proper placement of a warning label so that it is clearly visible is one factor to be considered in determining the adequacy of the warning in a products liability case. A warning label which is not clearly visible is not an adequate warning. Andries, supra, at 1183.
The evidence showed that the 16.5 and 16 inch wheels look similar, that they have essentially identical overall diameters, that they have the same number and distribution of bolt holes and the same size center hole, and that they are intended for the same sort of vehicles.
In view of the likelihood that rims and tires would be changed and considering the ease with which a 16" tire initially fits onto a 16.5 inch rim, we find that G.M. and Kelsey-Hayes knew of the potential danger in 1975 and probably as early as 1972 and should have anticipated this type of occurrence and we agree with the jury that the wheel in this case was insufficiently labeled. The failure to prominently label the wheel in a place and manner that a non-trained layman would see the size of the rim onto which a tire might attempt to be mounted creates an unreasonable risk of harm.
Consequently, the failure to properly label the rim as to size was a legal cause of the accident. In summary, applying the duty/risk analysis, G.M. and Kelsey-Hayes owed a duty to this plaintiff to properly label the rim as to size; that duty was breached; the breach was a legal cause of the accident. Therefore, the jury was correct in finding G.M. and Kelsey-Hayes liable to plaintiff for his damages. Jones v. P.K. Smith Chevrolet-Olds, Inc., supra, at 1377.
Although plaintiff testified that he knew of the danger of over-pressurizing a tire during the mounting process, he persisted in adding air pressure after several attempts to inflate the tire had been unsuccessful. He knew or should have known that there was a problem with matching that tire with that particular rim. The evidence clearly supports the finding of the jury on the allocation of 75 percent fault to the plaintiff.
Defendants argue that the trial court, in considering a motion for judgment n.o.v. cannot weigh evidence, pass on credibility of witness or substitute its own reasonable inferences of fact for those of the jury so long as reasonable inferences can be made from the evidence to support the jury's verdict. This is a correct summation of the law; however, it appears inapplicable to the instant case. The trial court found that reasonable men could not have arrived at such a verdict when the evidence is viewed in the light most favorable to defendants.
By judgment n.o.v. the trial judge may correct a legally erroneous verdict by modifying fault and damages that the jury may have assessed. C.C.P. Art. 1811; Zeagler, supra.; Hardin v. Munchies Food Store, 510 So.2d 33 (La.App. 2d Cir.1987).
A judgment n.o.v. should be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the movant. Hardin, supra.
*1293 The parties against whom a motion for judgment n.o.v. is made must be given the benefit of every legitimate and reasonable inference that can be drawn from the evidence by the jury. Zeagler, supra.
What makes an inference reasonable is determined by reference to the preponderance of the evidence burden of proof. While the trial judge may not weigh credibility or substitute his own opinion for that of the jury, he still must employ the burden of proof standard in evaluating the legitimacy of the jury's verdict. Otherwise, the burden of proof standard would be rendered essentially meaningless. As the Third Circuit stated in Rougeau v. Commercial Union Insurance Co., 432 So.2d 1162 (La.App. 3rd Cir.1983), writ denied, 437 So.2d 1149 (La.1983):
There is no bright line which enables the court to distinguish between the reasonable, legitimate inference and the unreasonable, illegitimate inference. There is no precise rule to follow. The court can only test the reasonableness of the inferences drawn by [the] jury from the evidence in terms of probability. An inference is legitimate only where the evidence offered makes the existence of the fact to be inferred more probable than not. Any lesser test would allow the jury to cast a verdict on speculation or conjecture.
Where, as here, the trial court has applied these threshold standards and found that the verdict is not reasonably supportable under the evidence, it is the responsibility of the appellate court to uphold the judgment n.o.v. unless the trial court was manifestly erroneous. Department of Transportation and Development v. Wahlder, 554 So.2d 233 (La.App. 3rd Cir.1989); Jones v. Northbrook Insurance Company, 544 So.2d 742 (La.App. 3rd Cir.1989).
After making the determination that a judgment n.o.v. is the appropriate remedy, a trial court is then faced with the question of what is a reasonable allocation of fault or assessment of quantum under the evidence adduced at trial. Certainly, the trial court must have some guidelines to follow in this step of analysis. Defendants argue that Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) limits the possible extent of change by the trial judge in granting judgment n.o.v. Coco authorized an appellate court to raise an inadequate award made by a trial court to the lowest point (or lower an excessive award to the highest point) which is reasonably within the discretion afforded to the trial court. Plaintiff argues that Coco does not apply in this setting, even as modified by Mart v. Hill, 505 So.2d 1120 (La.1987).
In facing this issue the First Circuit in Rickerson v. Fireman's Fund Insurance Co., 543 So.2d 519 (La.App. 1st Cir.1989) held that the Coco standard of review does not apply to a trial court's review of a jury award. This conclusion is supported by the Official Revision Comment to La.C.C.P. Art. 1811 which states: "Thus where the trial court is convinced that, under the evidence, reasonable minds could not differ as to the amount of damages, it should have the authority to grant the appropriate judgment notwithstanding the verdict." We agree with the First Circuit that Coco does not apply to a trial judge's review of a jury verdict nor does it apply to an appellate court's review of the trial court's granting of judgment n.o.v. but rather the standard of review by an appellate court is that of manifest error as required in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); see also Department of Transportation and Development v. Wahlder, 554 So.2d 233 (La.App. 3rd Cir.1989); Roger v. Cancienne, 538 So.2d 670 (La.App. 4th Cir.1989), writ denied; 542 So.2d 1382 (La.1989).
Concerning the increase of special damages, we find the evidence is clear that the jury did not correctly arrive at the proper award of special damages. The award of $55,000 for special damages completely ignores the clear proof, about which reasonable men could not differ, of other special damages. In this case plaintiff proved special damages of medical expenses, future medical expenses, loss of wages during the period of total disability, and loss of future earnings. The unrefuted expert testimony of Dr. Rice, in connection with the testimony of Dr. Richard G. Galloway and Mr. *1294 John A. Wingo, proved the loss of future earnings.
The jury awarded no general damages. General damages have been defined many times by the courts. The courts have repeatedly stated that it is error for a jury to make an award for special damages and refuse to award any amount for general damages. Plaintiff herein sustained many objective physical injuries, and pain and suffering was documented, yet no award of general damages was made.
Considering the long period of physical pain and suffering, the several surgical procedures the plaintiff was required to undergo, the change of lifestyle, the permanency of his disabilities and his general debilitation, the award of the trial court is not manifestly wrong nor excessive.
As this court affirms the actions of the trial court, the assignment of error by defendants as to the conditional granting of the motion for new trial is moot and not addressed.
Costs of this appeal are assessed against defendants.
The judgment of the trial court is AFFIRMED.