DOUCET, Judge.
This appeal arises out of a suit for damages incurred when the vehicle driven by Gertrude Haygood was hit by the passing vehicle driven by William Wood as she made a left turn. Haygood filed suit naming as defendants, Wood, his liability insurer, Insurance Company of North America (I.N.A./CIGNA), and Allstate Insurance Company (Allstate), as uninsured motorist carrier for Haygood.
A jury trial was held. After deliberation the jury returned a verdict in favor of the defendants finding no negligence on the part of Wood. Judgement was rendered in favor of Wood and I.N.A./CIGNA dismissing plaintiffs demands at her cost.
Pursuant to La.C.C.P. Art. 1811, the plaintiff filed a motion for judgment notwithstanding the verdict (JNOV) and, in the alternative, a motion for new trial. After a hearing, the trial judge vacated the jury verdict and rendered a JNOV as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be rendered in favor of Gertrude Haygood and against defendants, William J. Wood and Insurance Company of North America, in solido, with legal interest from date of judicial demand in the following amounts, said sums having been reduced in accordance with the court’s allocation of fault of Eighty-five (85) percent to William J. Wood and Fifteen (15) percent to Gertrude Hay-good, as follows:
A) Past medical and related expenses.$ 3,256.83
B) Property damage.1,037.02
C) General Damages.63,750.00
TOTAL: ....$68,043.85
The judge also stated that the motion for new trial was granted in the alternative. He further taxed costs in proportion to the degree of fault apportioned to each party. Wood and I.N.A./CIGNA appeal.
TIMING OF FILING MOTION
Appellants first argue that the motion for judgment notwithstanding the verdict was not filed within the delay required by La.C.C.P. Art. 1811. The motion shows a filing date of July 2, 1991. Since the judgment was signed on May 7, 1991 and notice mailed on May 8, 1991, this would ordinarily put the filing of the motion beyond the acceptable delays. However, filing is completed upon actual delivery to the clerk of court. State in Interest of Lawrence v. Harrell, 582 So.2d 940 (La.App. 2nd Cir.1991). Appellants in their “Motion to Fix for Hearing the Motion Notwithstanding the Jury Verdict filed by Plaintiff” state that their opponent filed the motion on May 9, 1991. Appellants did not raise the timeliness of the filing at the trial *238 level. The record taken as a whole indicates that the motion was delivered to the clerk in a timely fashion but was not date stamped until later. As a result, we will consider the motion to have been filed within the required time delays.
JUDGMENT NOTWITHSTANDING THE VERDICT
Appellants next argue that the trial judge erred in granting the JNOV.
A trial court may grant a JNOV only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach a contrary verdict. If there is substantial evidence opposed to the motion: i.e. evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion must be denied. Scott v. Hosp. Serv. Dist. No. 1, 496 So.2d 270 (La.1986). In considering a motion for JNOV, the trial court must construe all evidence and reasonable inferences to be made therefrom in favor of the party opposing the motion. Trans Global Alloy v. First Nat. Bank, 564 So.2d 697 (La.App.5th Cir.1990); Zeagler v. Dillard Dept. Stores, Inc., 521 So.2d 766 (La. App.2d Cir.1988). Further, the trial court may not weigh the evidence, pass on credibility of witnesses or substitute its own judgment for that of the jury. Wooten v. Louisiana Power & Light Co., 477 So.2d 1142 (La.App.1st Cir.1985). Basically, a JNOV can be granted by a trial court only when a jury’s verdict is one which reasonable men could not have rendered. Adams v. Security Ins. Co. of Hartford, 543 So.2d 480 (La.1989).
Hutchinson v. Wal-Mart, Inc., 573 So.2d 1148, 1151 (La.App.lst Cir.1990). See also Tabarelli v. Allstate Ins. Co., 598 So.2d 683 (La.App.3rd Cir.1992).
Where the trial court has applied these threshold standards and found that the verdict is not reasonably supportable under the evidence, the appellate court may only overturn the JNOV where the trial court was manifestly erroneous. Brantley v. General Motors Corp., 573 So.2d 1288 (La. App.2nd Cir.1991), writ denied, 577 So.2d 17 (La.1991).
The trial judge did not give reasons for his grant of a JNOV. However, after examining the record it appears that he did not appropriately apply the standards outlined in Hutchinson, supra, but rather weighed the evidence, made credibility evaluations, and substituted his own judgment for that of the jury.
The testimonies of Wood and Haygood are in conflict. Wood stated that he was about a mile and a half east of Jonesville, headed to Ferriday, when the accident occurred. He was following Haygood, who was traveling about 40 miles per hour. He stated that he looked squarely at the back of Haygood’s vehicle and, seeing no turn signal, pulled out to pass her. He estimated his passing speed to be 50 miles per hour. When his car was approximately even with the roof support pillar of her car, Haygood started to turn in front of him. He stated that he braked and veered to the left, but was unable to avoid impact. Wood stated that the area of the roadway where the accident occurred was not designated as a no passing zone and there was no highway intersection sign warning of the presence of the auxiliary road known as “Loop Road.”
Haygood testified that she did in fact turn on her blinker before turning, but she could not estimate how long before turning, either in time or distance. She testified that as she began her turn, about ten seconds before impact, she looked to be sure no one was in the passing lane and saw no one.
Mr. Roswell Atkins was a witness to the accident. He stated that he only saw Hay-good’s turn signal after Wood had pulled out to pass and was even with her back bumper.
Both Louisiana’s statutory law and jurisprudence require a high degree of care from both left turning motorists and passing motorists because they are involved in dangerous maneuvers. Cormier v. Habetz, 542 So.2d 814 (La.App.3rd Cir.1989). In this case there is sufficient evidence *239 based on reasonable credibility evaluations to support a conclusion by the jury that Haygood did not exercise an appropriate degree of care either in failing to signal in a timely manner or in failing to observe that she was being passed before beginning her turn. Accordingly, the trial judge erred in granting the JNOV.
As a result the judgment notwithstanding the verdict rendered by the trial judge and the trial court order conditionally granting a new trial are reversed and set aside, and the original judgment reflecting the jury verdict is reinstated. Costs of this appeal and at the trial level are assessed against the plaintiff-appellee.
REVERSED, AND JURY VERDICT REINSTATED.